UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Strong, | ) C/A No. 9:09-0215-GRA-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| York County Sheriff Office; | ) **for** |
| Sgt. H. L. Wright; | ) ***Partial*** **Summary Dismissal** |
| Judge Mandrile Hose Young, | ) |
| Defendants. | ) |

### *Background of this Case*

The plaintiff is a pre-trial detainee at the York County Detention Center in York, South Carolina. He has brought suit against the York County Sheriff's Office, a sergeant who arrested him, and a county magistrate. In a separately-filed order, the undersigned is authorizing service of process upon the sergeant. *See Wallace v. Kato*, 549 U.S. 384 (2007).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948

1



(4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto,* 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the § 1983 complaint is subject to *partial* summary dismissal with respect to two of the named Defendants.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

First, Sheriff's departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (2008); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (2008), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff.  *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").  Indeed, any damages to the

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Hence, since the York County Sheriff's Office is a state agency, it enjoys immunity from suit in this Court and is entitled to summary dismissal as a party Defendant.

As for Judge Mandrile H. Young it can be judicially noticed that this Defendant is a county magistrate in York County. *See* 2008-2009 *South Carolina Bar Lawyers Desk Book*, at page 536. County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Stephens*, 375 S.C. 140, 650 S.E.2d 849 (2007); *In the Matter of Singleton*, 361 S.C. 364, 605 S.E.2d 518 (2004) (removing county magistrate from office); *In the Matter of Wilder*, 335 S.C. 339, 516 S.E.2d 927 (1999) (imposing public reprimand upon former Municipal Court Judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court"); *In the Matter of Lee*, 313 S.C. 142, 437 S.E.2d 85 (1993); *In the Matter of Carmichael*, 313 S.C. 96, 437 S.E.2d 63 (1993); *In the Matter of Ulmer*, 315 S.C. 188, 432 S.E.2d 481 (1993); and *In the Matter of Wyatt*, 295 S.C. 34, 367 S.E.2d 22, 23 (1988). Therefore, Judge Young enjoys judicial immunity from suit in the above-captioned civil rights action for conduct arising out of her judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question



which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the York County Sheriff's Office and Judge Young as party Defendants *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the important Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 3, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

